**UNITED STATES of America ex rel. John SIMON**

**v.**

**James F. MARONEY, Superintendent State Correctional Institution, Pittsburgh, Pennsylvania.**

**Civ. A. No. 64–314.**

United States District Court
W. D. Pennsylvania.

April 29, 1964.

Martin Lubow, Pittsburgh, Pa., for petitioner John Simon.

Louis Abromson, Asst. Dist. Atty., of Allegheny County, Pittsburgh, Pa., for James F. Maroney.

GOURLEY, Chief Judge.

In this state habeas corpus proceeding wherein state remedies have been exhausted, petitioner seeks relief on the grounds, *inter alia*, that when he plead guilty to six felonies in 1942, he was not represented by counsel. In the opinion of the Court, he is entitled to habeas corpus relief.

It is evident that failure to provide counsel for a defendant in a serious criminal action vitiates a conviction whether it be after trial or on a plea of guilty. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); United States ex rel. Craig v. Myers, 3rd Cir., 329 F.2d 856 (applying Gideon retroactively). The Commonwealth, however, contends that petitioner was advised of his rights to counsel, knew of his right to counsel, but did not request counsel and knowingly and intelligently waived his rights to counsel. If the petitioner knowingly and intelligently waived his right to counsel, the conviction is constitutionally valid. See, e. g., Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957).

## FACTS

Counsel for the petitioner and the District Attorney of Allegheny County entered into a stipulation as to certain facts which are not in dispute. The Court agrees with said counsel that said statements are true and adopts said stipulated facts as its Findings of Fact:

1. At the time of his arrest and sentencing, John Simon was eighteen years of age.

2. At the time of his arrest and sentencing, John Simon had never been in Criminal Court before, though he had had some involvement with the Juvenile Court authorities.

3. John Simon's I. Q., as tested at various times prior to, and subsequent to June 18, 1942, was recorded as 55, 59 and 61. He was a high-grade moron at the time of the sentencing.

4. John Simon, at no stage of the proceedings in 1942, had an attorney.

5. John Simon had spent his entire short school career in a special class for retarded children and was, at the time of the sentencing, illiterate.

## DISCUSSION

It is the opinion of the Court that an individual of the age of the petitioner, with his education and intellectual background, did not, and cannot, knowingly and intelligently waive his right to counsel in a proceeding where he is charged with six felonies.

The record is not especially clear on the issue of whether or not the petitioner was advised of his right to counsel and whether or not the Commonwealth offered to appoint counsel to represent him. Since the transcript of the plea and sentence in 1942 is incomplete, the Commonwealth attempted to rely on the evidence of an Assistant District Attorney as to the practice followed in 1942 in the criminal courts of Allegheny County. Said Assistant District Attorney testified at the most recent habeas corpus hearing in the state courts that he often handled arraignments as an Assistant District Attorney in 1942. He stated that he did not remember John Simon, but that the procedure at that time was to inform defendants of the charges against them and very briefly define the nature of the charges and ask them if they desired to have counsel appointed.

Since the Court believes that petitioner did not and could not knowingly and intelligently waive his right to counsel, whether he was informed of said right to counsel is irrelevant, and the Court will not determine whether or not he was so informed, nor will the Court determine whether or not said evidence of practice can, when the Constitutional rights to counsel are involved, be considered in determining if said practice was followed with a particular petitioner.

It is stated by the State that petitioner is a potential danger and menace to society. Whether this is true the Court does not, and Constitutionally cannot, determine in a habeas corpus proceeding. Any determination on this issue is beyond the jurisdiction of the Court, and in the present status of habeas corpus law, cannot be considered by it. The remedy, if any is Constitutionally permissible, for the situation where a habeas corpus petitioner is alleged to be potentially dangerous, is with Congress. Absent a Congressional solution, assuming but not deciding that one is Constitution-

ally permissible, the remedy, if any, remains with the state.

Accordingly, the Petition for Writ of Habeas Corpus will be granted.

This Opinion shall serve as Findings of Fact and Conclusions of Law.

An appropriate Order is entered.